# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 10-519V
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
RENE G. POWERS, as Fiduciary of the     *
Estate of MARTIN POWERS,                *
                                        *
                                        *   Filed: August 7, 2014
              Petitioner,               *
                                        *   Decision by Stipulation; Damages;
       v.                               *   Influenza (Flu) Vaccine; Guillain-
                                        *   Barré syndrome (GBS);
                                        *   Attorneys' Fees & Costs
SECRETARY OF HEALTH AND                 *
HUMAN SERVICES,                         *
                                        *
              Respondent.               *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Diana S. Sedar*, Maglio, Christopher & Toale, Sarasota, FL, for Petitioner.

*Lisa A. Watts*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES AND ATTORNEYS' FEES[1]

On August 5, 2010, Petitioner Martin Powers filed an action seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program")[2]. Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as a result of receiving an influenza ("flu") vaccine. Mr. Powers died on March 8, 2012 from causes unrelated to the vaccine injury, and his

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. (*Id.*)

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10–§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

spouse and executor of his estate, Rene G. Powers, was substituted as Petitioner on May 29, 2012.

Respondent denies that Mr. Powers' GBS or any related medical problems were caused by his receipt of the flu vaccine. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation filed August 7, 2014 that the issues before them can be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

a) A lump sum of $100,000.00, in the form of a check payable to petitioner as the executor of the estate of Martin Powers. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

Stipulation ¶ 9(a).

The parties further set forth in their August 7th stipulation that they had reached the following agreement with respect to attorney's fees and costs:

b) A lump sum of $28,322.17 in the form of a check payable jointly to petitioner and petitioner's attorney, Diana S. Sedar, Esq., for [all] attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).

Stipulation ¶ 9(b).[3]

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In addition, I also approve of the attorneys' fees and costs in the requested amount to be made payable to Petitioner and Petitioner's counsel. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

---

[3] Paragraph 9(b) of the stipulation also contained a statement in accordance with General Order #9 of the Vaccine Program indicating that Petitioner had incurred no reimbursable costs in pursuit of his claim.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly (or separately) filing notice(s) renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>/s/ Brian H. Corcoran</u>
Brian H. Corcoran
Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RENE G. POWERS, as Fiduciary of the Estate of MARTIN POWERS, ) ) ) | **ECF** |
| Petitioner, ) ) | No. 10-519V Special Master |
| v. ) ) | Brian H. Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) | |
| Respondent. ) ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On August 5, 2010, Martin Powers ("Mr. Powers") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"), alleging that he suffered Guillain-Barré syndrome ("GBS"), due to receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Powers died on March 8, 2012 from causes unrelated to his alleged vaccine injury. Mr. Powers' spouse and Executor of his Estate, Rene G. Powers, was substituted as petitioner in this action on May 29, 2012.

3. Mr. Powers received the flu vaccine on November 13, 2009.

4. The vaccine was administered within the United States.

5. Petitioner alleges that Mr. Powers suffered GBS, which was caused-in-fact by receipt of the flu vaccine. Petitioner further alleges that Mr. Powers suffered the residual effects of his

injuries for more than six months. Petitioner does not claim that Mr. Powers' death was the sequela of his alleged vaccine-related injury.

6. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of the Estate of Martin Powers as a result of Mr. Powers' alleged injury.

7. Respondent denies that the flu vaccine caused Mr. Powers' GBS, or any other injury, or his death.

8. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 9 of this Stipulation.

9. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $100,000.00 in the form of a check payable to petitioner as the Executor of the Estate of Martin Powers. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

   b. A lump sum of $28,322.17 in the form of a check payable jointly to petitioner and petitioner's attorney, Diana Stadelnikas Sedar, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e); and, in compliance with General Order #9, no out-of-pocket expenses were incurred by petitioner in proceeding on the petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C.§ 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.§ 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payments made pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she has been appointed as the Executor of the Estate of Martin Powers under the laws of the State of New York, and has filed proof of appointment in this case. If petitioner is not authorized by a court of competent jurisdiction to serve as Executor of the Estate of Martin Powers at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as the legal representative of the Estate of Martin Powers upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 9, petitioner, in her individual capacity, and as the Executor of Mr. Powers' estate, on behalf of Mr. Powers' heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Martin Powers resulting from, or alleged to have resulted from, the flu vaccine administered to Mr. Powers on November 13, 2009, as alleged in a Petition filed on August 5, 2010, in the United States Court of Federal Claims as petition No. 10-519V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in

conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Powers' GBS, any other injury, or his death.

17. All rights and obligations of petitioner in her capacity as Executor of the Estate of Martin Powers shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

PETITIONER:

*[signature]*

RENE G. POWERS

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*

DIANA STADELNIKAS SEDAR, ESQ.
Maglio Christopher & Toale, PA
1605 Main Street, Ste. 710
Sarasota, FL 34236
Tel: (941) 952-5242

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature]*

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Acting Director, Division of Vaccine Injury Compensation (DVIC)
Acting Director, Countermeasures Injury Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

DATE: 8-7-2014

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*

LISA A. WATTS
Senior Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4099